IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAVID TIMOTHY MOORE, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| GEORGIA BOARD OF PARDONS | : | CIVIL ACTION NO. |
| AND PAROLES; et al., | : | 1:23-CV-1109-AT-LTW |
| Defendants. | : | |

## FINAL REPORT AND RECOMMENDATION

Plaintiff David Timothy Moore, presently confined in the Dooly State Prison in Unadilla, Georgia, has filed this *pro se* civil rights complaint. (Doc. 1.) The matter is now before the undersigned Magistrate Judge for an initial screening under 28 U.S.C. § 1915A. For the reasons that follow, the undersigned **RECOMMENDS** that this action be **DISMISSED** for failure to state a claim.

## I.   The Screening Standard

A federal court must screen a prisoner's complaint to determine if it: (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly showing that: (1) an act or omission deprived him of a right,

privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).

**II.    Discussion**

Plaintiff brings this § 1983 action against the Georgia Board of Pardons and Paroles ("Board") and its members. (Doc. 1 at 1, 7-8.) On December 11, 1987, the Superior Court of Fulton County convicted plaintiff of armed robbery, aggravated assault, aggravated battery, and aggravated assault with intent to rob, all of which he committed on April 15, 1987, when he was just seventeen years old, and imposed a total sentence of life plus sixty years of imprisonment. (*Id.* at 9-10.) Additionally, on October 12, 1989, the Superior Court of Habersham County sentenced plaintiff to 15 years of imprisonment, to run consecutively to his Fulton County sentence, pursuant to his guilty plea for voluntary manslaughter, which he committed in prison on May 3, 1989. (*Id.* at 10.) The Board has considered plaintiff for release on parole on six occasions between May of 1994 and March 18, 2021. (*Id.* at 11.)

According to plaintiff, the Board most recently denied him parole because he had served an "insufficient amount of time to date given the nature and circumstances of [his] offenses." (*Id.*) Plaintiff maintains that, in reaching this

2

decision, the Board was "not guided by, nor relied on or used, any statutory or internally established criteria, standards, procedure and/or guidelines" and made no findings as to whether (1) there was a reasonable probability that, if released, plaintiff would live and conduct himself as a respectable and law-abiding person or (2) his release would be compatible with his own welfare and the welfare of society. (*Id.* at 12-13.) Plaintiff further asserts that the Board should have considered whether he "had demonstrated maturity and rehabilitation" because he was a juvenile when he committed the crime for which he was sentenced to life imprisonment. (*Id.* at 14.) Plaintiff lists several comparators whom he contends were sentenced to life imprisonment for crimes they committed as adults and who have since been released and served lesser sentences than plaintiff has to date. (*Id.* at 15-16.)

Plaintiff contends that the Board's March 18, 2021, decision, which caused him to serve "a disproportionate and excessive amount of incarcerated time [as compared to] those adult offenders," was "arbitrary and capricious" and violated the Eighth Amendment because the Board: (1) "did not rely on or use any statutory or internally established criteria, standard(s), procedure(s) and/or guideline(s)"; (2) made no findings as to whether there was a reasonable probability that, if released, plaintiff would live and conduct himself as a respectable and law-abiding

3

person or whether his release would be compatible with his own welfare and the welfare of society; (3) failed to apply standards that distinguish between juvenile and adult offenders; and (4) failed to consider whether plaintiff had demonstrated maturity and rehabilitation. (*Id.* at 17-19.) Plaintiff seeks declaratory and injunctive relief. (*Id.* at 19-20.)

The Board is entitled to sovereign immunity. *Fuller v. Georgia State Bd. of Pardons & Paroles*, 851 F.2d 1307, 1309 (11th Cir. 1988) (per curiam). However, plaintiff may bring his claims for declaratory and injunctive relief against the individual members of the Board. *Id.* at 1310.

Plaintiff fails to state an Eighth Amendment claim because the Board's decision to deny him "parole constitutes 'merely a disappointment,' rather than a punishment of cruel and unusual proportions." *Slakman v. Buckner*, 434 F. App'x 872, 875 (11th Cir. 2011) (per curiam). Additionally, although States must provide juvenile nonhomicide offenders serving life-without-parole sentences "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation," *Graham v. Florida*, 560 U.S. 48, 75 (2010), this does not apply to plaintiff, who was sentenced to life *with* the possibility of parole in Fulton County and who was an adult when he committed voluntary manslaughter in Habersham County.

4

"The Due Process Clause offers two different kinds of constitutional protection: procedural due process and substantive due process, and a violation of either may form the basis for a suit under § 1983." *Slakman*, 434 F. App'x at 875. Plaintiff cannot state a procedural due process claim based on the denial of parole because "a Georgia inmate has no liberty interest in parole," and "there is no federal constitutional right to parole." *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001) (per curiam). A substantive due process claim involves "only the most egregious official conduct" that is arbitrary or shocks the conscience. *Slakman*, 434 F. App'x at 875. Plaintiff asserts that the Board's decision to deny him parole was based on the nature and circumstances of his offense, which is an appropriate basis to deny parole. *Id.* The Board's alleged failure to consider that plaintiff was a juvenile when he committed the Fulton County offenses was neither arbitrary nor capricious, as plaintiff was an adult when he committed voluntary manslaughter while incarcerated in Habersham County. Thus, plaintiff also does not state a substantive due process claim.

Finally, to the extent that plaintiff intended to state an equal protection claim, he must show, among other things, that he was "similarly situated" to other inmates who were granted parole. *Slakman*, 434 F. App'x at 876. "The decision to grant or deny parole is based on many factors such as criminal history, nature of the

offense, disciplinary record, employment and educational background, etc." *Id.* Plaintiff has not provided sufficient information about his comparators to show that they were similarly situated. For example, he provides no information regarding their criminal history, disciplinary record, or employment and educational background. Plaintiff states only their offenses and that they were adult offenders. Notably, plaintiff committed one of his offenses, voluntary manslaughter, as an adult during his incarceration. Accordingly, plaintiff fails to state an equal protection claim, and this action should be dismissed.

### III.  Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED** for failure to state a claim.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this  21  day of  March  , 2023.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE