IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVID TIMOTHY MOORE, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | CIVIL ACTION NO. |
| : | 1:23-cv-1109-AT |
| GEORGIA BOARD OF PARDONS : | |
| AND PAROLES; et al., : | |
| : | |
| Defendants. : | |
| : | |

# **ORDER**

This matter is before the Court for consideration of the Final Report and Recommendation (R&R), [Doc. 2], in which the Magistrate Judge recommends that the instant 42 U.S.C. § 1983 civil rights action be dismissed because Plaintiff David Timothy Moore has failed to state a viable claim for relief. Plaintiff has filed his objections, [Doc. 8] to the R&R.

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a de novo basis and any non-objected portion under a "clearly erroneous"

standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).

Plaintiff, an inmate at Dooly State Prison in Unadilla, Georgia, filed the instant action claiming that the Georgia Board of Pardons and Paroles (the Board) violated his rights in denying him release on parole. He seeks declaratory and injunctive relief.

The Magistrate Judge determined that Plaintiff failed to state a claim for relief because the denial of parole cannot constitute an Eighth Amendment violation, Plaintiff has no liberty interest in release on parole such that he cannot demonstrate that his procedural due process rights have been violated, Plaintiff has not shown a substantive due process violation because the Board's decision to deny him parole was neither arbitrary nor did it tend to shock the conscience, and Plaintiff's equal protection claim was insufficient because he had not alleged that others who were released on parole were truly similarly situated.

In his objections, Plaintiff argues at length that he is entitled to relief based on *Graham v. Florida*, 560 U.S. 48 (2010), reargues his equal protection claim, and contends that the Magistrate Judge did not review his claim that the Board's decision to deny him release on parole was a gross abuse of discretion. He also briefly argues that his sentence is so disproportionate as to violate the Eighth Amendment.

By way of background, Plaintiff was convicted in 1987 for armed robbery, aggravated assault, aggravated battery, and aggravated assault with intent to rob. He was seventeen years old when he committed those crimes. The court sentenced him to a total sentence of life plus sixty years. The evidence presented at Plaintiff's trial shows that, *inter alia*, when an off-duty police officer/security guard attempted to interrupt Plaintiff's armed robbery of a restaurant, Plaintiff turned and shot the officer twice, and when the officer fell to the floor, Plaintiff stood over him and attempted to shoot him in the head but missed and hit his neck. *Moore v. State*, 378 S.E.2d 880, 881 (Ga. Ct. App. 1989). Then, in 1989, Plaintiff was convicted of voluntary manslaughter for a crime that he committed while in prison and received a fifteen-year sentence consecutive to his prior sentence. [Doc. 1 at 10]. The Board has considered plaintiff for release on parole on six occasions between May of 1994 and March 18, 2021. *Id.* at 11.

As a general matter, given the nature of Plaintiff's crimes and especially noting that Plaintiff committed a violent felony by killing a man while in prison, there is nothing at all shocking or outrageous about the Board refusing to release Plaintiff on parole. Plaintiff's argument that he is somehow entitled to relief under *Graham* is simply wrong. That case stands for the proposition that the Eighth Amendment prohibits a life-without-parole sentence for a juvenile offender who did not commit homicide. *Graham*, 560 U.S. at 74 (2010). It says nothing about the considerations that the Board must make in determining whether a prisoner should be released on parole. To the degree that Plaintiff contends that *Graham*

3

guarantees him a "meaningful" shot at parole, he clearly has a meaningful shot as illustrated by the six times that the Board has considered him for parole thus far.

Plaintiff's "class-of-one" equal protection claim fails because cannot creditably allege that there was not rational basis for the Board to deny him release on parole. *See Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1202 (11th Cir. 2007). Plaintiff's original crimes were extremely violent and chilling, and, after his conviction for those crimes (and while in prison) he killed a man. Based on those facts, the Board clearly had a rational basis to maintain Plaintiff in prison, and Plaintiff thus cannot show that the members of the Board abused their discretion in denying him parole. Finally, the Board did not impose either of his sentences, and Plaintiff thus cannot challenge his sentences in this action.

Accordingly, the Court agrees with the Magistrate Judge that Plaintiff has failed to state a claim for relief. The Court thus **ADOPTS** the R&R, [Doc. 2], as the order of the Court, and the instant action is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED** this 29th day of June, 2023.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**