IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAVID TIMOTHY MOORE, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| TERRY BARNARD; et al., | : | CIVIL ACTION NO. |
| Defendants. | : | 1:23-CV-1109-AT-LTW |

## ORDER

Plaintiff David Timothy Moore, presently confined in the Dooly State Prison in Unadilla, Georgia, seeks relief under 42 U.S.C. § 1983.  (Doc. 1.)  The United States Court of Appeals for the Eleventh Circuit found that plaintiff had plausibly stated due process claims against the individual members of the Georgia Board of Pardons and Paroles.  (Doc. 21.)  Defendants now must be served with process or waive service.  The Clerk of Court is **DIRECTED** to **TERMINATE** the Georgia Board of Pardons and Paroles as a defendant to this action.

The Court **DIRECTS** the Clerk to send plaintiff USM 285 forms and summonses for each defendant.  The Court **DIRECTS** plaintiff to complete the USM 285 forms and summonses for each defendant and to return those documents to the Clerk within twenty (20) days from the entry date of this Order.  Plaintiff's

failure to comply in a timely manner could result in dismissal of this action. The Court **DIRECTS** the Clerk to resubmit this action to the undersigned if plaintiff fails to comply.

The Court **DIRECTS** the Clerk, upon receipt of the forms, to prepare a service waiver package for each defendant. Each service waiver package must include two Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk); two Waiver of Service of Summons forms (prepared by the Clerk); an envelope addressed to the Clerk with adequate first-class postage for each defendant's use in returning the waiver form; one copy of the complaint; and one copy of this Order. The Clerk shall retain the USM 285 form and summons.

The Court **DIRECTS** the Clerk to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail the service waiver packages to defendants, who have a duty to avoid unnecessary costs of serving process. If a defendant fails to waive service of process, that defendant must bear the costs of personal service unless good cause can be shown for failure to waive service.

If a defendant does not return an executed Waiver of Service form to the Clerk within thirty-five (35) days following the date the service waiver package is mailed, the Court **DIRECTS** the Clerk to prepare and transmit to the U.S. Marshals Service a service package for that defendant. The service package must include the

USM 285 form, the summons, and a copy of the complaint. Upon receipt of the service package, the U.S. Marshals Service is **DIRECTED** to personally serve that defendant in accordance with Federal Rule of Civil Procedure 4. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

The Court **DIRECTS** plaintiff to serve upon defendants or their counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to defendants or their counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

The Court also **DIRECTS** plaintiff to promptly notify the Court and defendants of any change in his address while this action is pending. Failure to do so may result in dismissal of this action.

Finally, prisoner civil rights cases are automatically assigned to a zero-month discovery track. See Local Rules, N.D. Ga. (App. F). If any party determines that discovery is required, that party must, within thirty (30) days after the first appearance of a defendant by answer, file a motion requesting a discovery period. The Court **INSTRUCTS** the parties that motions for summary judgment must be

3

filed within thirty days of the close of the discovery period.  LR 56.1(D), NDGa. The Court **CAUTIONS** the parties that **all other motions** (other than specific motions allowed by LR 7.2, NDGa.) must be filed within thirty days of "the beginning of discovery unless the filing party has obtained prior permission of the court to file later."  LR 7.1(A)(2), NDGa.

　　　　**SO ORDERED**, this __2__ day of __October__, 2024.


_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

4