IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 28 2024

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

**David Timothy Moore,**
   **Plaintiff,**

v.

**Georgia Board of Pardons
and Paroles, et. al.,**
   **Defendants.**

**CIVIL ACTION NO:
1:23-cv-01109-AT**

## PLAINTIFF'S WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER OF OCTOBER 2, 2024 (DOC. 26)

COME NOW, David Timothy Moore, Plaintiff pro se, pursuant to *Rule 72(a)*, *Federal Rules of Civil Procedure* ("*F.R.Civ.P*") and submits this his Objection to the United States Magistrate Judge's "Order" where the Magistrate Judge, the Honorable Linda T. Walker, "**DIRECTED**" the clerk "to **TERMINATE** the Georgia Board of Pardons and Paroles as a defendant to this action." **Doc. 26, at 1**.

### *I.)*

Under *Federal Rules of Civil Procedure 72*, a party may file objections to a magistrate judge's ruling on non-dispositive matters within 14 days of being served with the order. *Fed.R.Civ.P. 72 (a)*. Failure to timely challenge a magistrate's non-dispositive order before the district court waives the right to appeal such an order to the appellate court. *See*, *Smith v. Sch. Bd. of Orange Cty., 487 F. 3d 1361, 1365 (11th Cir. 2007)*. This applies to pro se litigants as well. *See*, *Farrow v. West, 320 F. 3d 1235, 1248 n.21 (11th Cir. 2003)*.

1

*a.)*

The magistrate judge has ordered that the Georgia Board of Pardons and Paroles ("The Board") be **"TERMINATED"** as a party Defendant to this action. However, according to our precedent in the Eleventh Circuit, The Board is a valid Defendant for prospective declaratory and injunctive relief. <u>See</u>, *Scott v. Taylor, 405 F. 3d 1251, 1256-57 (11<u>th</u> Cir. 2005)* ("Scott is free to maintain her suit against the Board of Elections. Indeed, the Board of Elections is [not immune from] ...prospective [injunctive] relief seeking to enjoin the enforcement of the challenged voting district and a declaration as to its legality"). Consequently, it was clear error and contrary to established law for the magistrate judge to order termination of The Board as a Defendant to this litigation and, thus, said order must be SET ASIDE.

*b.)*

The Plaintiff additionally objects to the magistrate judge attempting to categorize the Plaintiff's claims as "due process claims against" the Defendants. The Eleventh Circuit did <u>**not**</u> find that the Plaintiff "had plausibly stated a due process claim":

> "Mr. Moore cited to *O.C.G.A.§§ 42-9-40(a), 42-9-42(c)* to show that Georgia law requires guidelines for determining parole action, 'except [for] those serving life sentences.' This lack of guidelines, Mr. Moore asserts, *violates his constitutional rights under the Eighth Amendment* because juvenile offenders sentenced to life with the possibility of parole deserve a chance to show they have matured. Specifically, he contends there should be 'criteria, standard(s), procedure(s) and/or guideline(s)' that make a distinction between juvenile and adult offenders sentenced to life imprisonment, and which '*afford [ ] a meaningful and realistic opportunity to obtain release based on demonstrated maturity and rehabilitation.*'"

2

*Eleventh Circuit Opinion, at 4* (emphasis added).

The Plaintiff, most respectfully, has framed the claims he is asserting in his complaint. While this pro se Plaintiff reserves his right to amend his complaint if discovery so requires, or if there is some intervening change in our constitutional jurisprudence on juveniles and the parole process, the claims in the complaint stand on those constitutional principles embodied in the Eighth Amendment to the United States Constitution. In turn, the Plaintiff requests that this Honorable Court clarify that, contrary to what the magistrate judge expressed, the Plaintiff's claims fall under the Eighth Amendment to the United States Constitution.

### CONCLUSION

**WHEREFORE**, for all of the above and foregoing reasons the Plaintiff pray the Court SET ASIDE the magistrate judge's termination of the Georgia Board of Pardons and Paroles and order process of service against The Board as a party defendant; and, **CLARIFY** that the Plaintiff's claims are brought under the Eighth Amendment to the United States Constitution.

This 18th day of October, 2024.

RESPECTFULLY SUBMITTED,

David Timothy Moore
Plaintiff pro se

PLEASE SERVE:
David Timothy Moore
GDC#443023
Dooly State Prison
P.O. Box 750
Unadilla, Georgia 31091